**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:

Allshouse, Jeremy and Jodi

**DEBTOR(S)**
In a joint case, debtor
means debtors in this plan

Preconfirmation Modified
Chapter 13 Plan

Dated    September 10, 2015

Case No._____

1. **DEBTOR'S PAYMENTS TO TRUSTEE-**
    a. As of the date of the plan, the debtor has paid the Trustee $_____.
    b. After the date of this plan, the debtor will pay the trustee $ 230 per month for 36 months, beginning within 30 days after the order for relief for a total of $ 8280.
    Minimum plan length is 36 months from the date of the initial plan payment unless all allowed claims are paid in less time.
    c. The debtor will also pay the trustee_____.
    d. The debtor will pay the trustee a total of $ 8280.

2. **PAYMENTS BY TRUSTEE** - The trustee will pay from available funds only creditors for which proofs of claim have been filed. The trustee may collect a fee of up to 10% of plan payments, or $ 828.00.

3. **ADEQUATE PROTECTION PAYMENTS** - The trustee will promptly pay from available funds adequate protection payments to creditors holding allowed claims secured by personal property according to the following schedule, beginning in month one (1).

| Creditor | Monthly payment | Number of months | Total Payments |
|---|---|---|---|
| a. | 0.00 | 0 | 0.00 |
| b. | 0.00 | 0 | 0.00 |
| c. | 0.00 | 0 | 0.00 |
| d. | 0.00 | 0 | 0.00 |
| | | Total $ | 0.00 |

4. **EXECUTORY CONRACTS & UNEXPIRED LEASES [§365]**-The debtor assumes the following executory contracts or unexpired leases. Cure provisions, if any, are set forth in ¶ 7.

| Creditor | Description of Claim |
|---|---|
| a. Ford Motor Credit | 2013 F150 |
| b. | |

5. **CLAIMS NOT IN DEFAULT** - Payments on the following claims are current, & the debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any.

| Creditor | Description of Claim |
|---|---|
| a. | |
| b. GM Financial | |
| c. | |
| d. | |

6. **HOME MORTGAGES IN DEFAULT [§1322(b)(5) & §1322(e)]** - The trustee will cure defaults on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain their liens.
    *All following entries are estimates.*    The trustee will pay the actual amounts of default.

| CREDITOR | AMOUNT OF DEFAULT | MONTHLY PAYMENT | BEGINNING IN MONTH # | NUMBER OF PAYMENTS | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| a. Chase | $ 699.00 | $ 100 | 1 | 7 | $ 699.00 |
| b. | $ | $ | | | $ |
| c. | $ | $ | | | $ |
| TOTAL | | | | | $ 699.00 |

7. **CLAIMS IN DEFAULT [§1322(B)(3) & 5 & §1322(E)]** - The trustee will cure defaults on the following claims as set forth below. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The The creditors will retain liens, if any.    *All following entries are estimates except for interest rate.*

| Creditor | Amount of Default | Int Rate (if applicable) | Monthly Payment | Beginning in Month # | Number of Payments | Total Payments |
|---|---|---|---|---|---|---|
| a. | $ | $ | | | | $ |
| b. | $ | $ | | | | $ |
| c. | $ | $ | | | | $ |
| TOTAL | | | | | | $ |

8. **OTHER SECURED CLAIMS; SECURED CLAIM AMOUNT IN PLAN CONTROLS** [s.1326(a)(3)] - The trustee will pay the following allowed secured claims the amount set forth in the "Total Payments" column below. Creditors will retain liens securing the allowed secured claims until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or the date of the debtor's discharge. NOTWITHSTANDING A CREDITOR'S PROOF OF CLAIM FILED BEFORE OR AFTER CONFIRMATION, THE AMOUNT LISTED IN THIS PARAGRAPH AS A CREDITOR'S SECURED CLAIM BINDS THE CREDITOR PURSUANT TO 11 U.S.C. S. 1327, AND CONFIRMATION OF THE PLAN IS A DETERMINATION OF THE CREDITOR'S ALLOWED SECURED CLAIM.

| Creditor | Claim Amount | Secured Claim | % Int Rate | Begin Month # | (Monthly Payment) | X (No. pmts) | = Payments on account of claim | + (Adequate protection from P. 3) | TOTAL |
|---|---|---|---|---|---|---|---|---|---|
| a. | | | | | | | | | |
| b. | | | | | | | | | |
| c. | | | | | | | | | |
| d. | | | | | | | | | |
| e. | | | | | | | | | |
| f. | | | | | | | | | |
| g. TOTAL | | | | | | | | | |

9. **PRIORITY CLAIMS** - The trustee shall pay in full all claims entitled to priority under sec. 507, including the following. The amounts listed are estimates only. The trustee will pay the amounts actually allowed.

| Creditor | Estimated Claim | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| a. Attorney Fees | $ 6720.00 | $ 107/207 | 1/8 | 36 | $ 6720.00 |
| b. Domestic Support | $ | $ | | | $ |
| c. Internal Revenue Service | $ 1.00 | $ | | | $ 1.00 |
| d. Minn. Dept. of Revenue | $ 1.00 | $ | | | $ 1.00 |
| e. Postpetition IRS | $ 1.00 | $ | | | $ 1.00 |
| f. TOTAL | | | | | $ 6723.00 |

10. **SEPARATE CLASS OF UNSECURED CREDITORS** - In addition to the class of unsecured creditors specified in paragraph 11, there shall be a separate class of nonpriority unsecured creditors described as follows:

The trustee will pay the allowed claims of the following creditors.    *All entries below are estimates.*

| Creditor | Claim Amount | Secured Claim | % Int Rate | Begin Month # |
|---|---|---|---|---|
| a. | | | | |
| b. | | | | |

11. **TIMELY FILED UNSECURED CREDITORS** - The trustee will pay holders of nonpriority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under paragraphs 2, 3, 5, 6, 7 and 8 their pro rata share of approximately    $ 30.00    [line1(d) minus lines 2, 3(c), 5(d) and 8(b)].

   a. The debtor estimates that the total unsecured claims held by creditors listed in paragraph 8 are

   b. The debtor estimates that the total unsecured claims (excluding those in paragraphs 8 & 10 are    $ 72,185

   c. Total estimated unsecured claims are    $ 72,185    [line 9(a) plus line 9(b)].

12. **TARDILY-FILED UNSECURED CREDITORS** - Unless otherwise provided in the plan, tardily-filed unsecured nonpriority claims shall not be paid. Tardily filed priority and secured proofs of claim shall be paid as provided for in paragraphs 4 through 9.

13. **OTHER PROVISIONS** - To the extent that Child Support is an unsecured claim for AFDC reimbursement, it shall be designated a separate class and paid in full. Please note: Child Support collections is authorized to continue automatic wage withholding for ongoing, post-petition child support. Child Support Collections may obtain, modify & enforce the debtor's current ongoing child support obligation, including medical support & child care, including wage withholding.

   -If a foreclosure occurs on debtor's real estate during the term of the Chapter 13 Plan, the debtor(s) shall cease making mortgage payments pursuant to Paragraph 5 and/or 6 of the Plan, and any remaining deficiencies on all mortgages secured by the property foreclosed shall be treated and discharged as general unsecured claims under the Plan.

   -Claims filed as secured but for which the plan makes no express provision shall be paid as unsecured as set forth in Paragraph 11

   - The debtor(s) shall be entitled to the first $1200 for an individual chapter 13 debtor and $2,000 for married chapter 13 debtors of each year's tax refunds. The balance shall be paid to the trustee as an additional plan payment. Any Earned Income Credit and Minnesota Working Family Credits shall be retained by the debtor(s). The debtors shall keep these credits in addition to the $1200 or $2,000.

   - Pursuant to 11 USC § 1305(a)(1), claims for postpetition income taxes due to the Internal Revenue Service (IRS) for the year in which the case was filed are to be included in the plan and paid by the trustee. The trustee shall pay these claims only if the Internal Revenue Service files a proof of claim within one year of commencement of this case.

   -If the plan provides for payment of an obligation by a 3rd party or co-debtor, and a default occurs, any resulting claim shall be treated and discharged as a general unsecured claim.

   -Secured creditors are authorized to and shall continue to send the debtor(s) billing statements unless the Plan provides for the surrender of their collateral.

**13. OTHER PROVISIONS - (continued)**
 - The trustee may distribute additional sums not expressly provided at the trustee's discretion.
 - This plan does not release creditors from their ongoing duty to correct and update information with consumer reporting agencies as required by Section 623 of the Fair Credit Reporting Act.  Secured creditors shall continue to report all payments receiv
 - on account of secured claims to consumer reporting agencies.

**14. CLAIM HELD BY Streamline Mortgage Resolutions LLC. succors in interest of  Partners for Payment Relief DE II LLC UNDER 11 USC SECTION 506**
The Debtors' principal residence located at 6008 Badger Street, Monticello, Minnesota and legally described as Lot 1, Block 4, Rolling Woods 2nd Addition, Wright County, Minnesota ("the subject real property"), is encumbered by a first mortgage in favor of Chase Mortgage with a balance as of the date of filing of this petition of $187,827, and a second mortgage in favor of Streamline Mortgage Resolutions LLC. succors in interest of  Partners for Payment Relief DE II LLC ("the junior lienholder") with a balance as of the date of filing of this petition of $70,930.  The Debtors obtained an independent appraisal of the subject property on July 3, 2015, which appraised the fair market value of the subject real property as $169,000.  Claims filed by or on behalf of the junior lienholder are included in the unsecured non-priority class of claims described in paragraph 11b, supra., notwithstanding the second mortgage in favor of the junior lienholder encumbering the subject real property.  Debtors will file a Motion to Value the Claim of the junior lienholder to be heard concurrent with the hearing to confirm this plan, which will seek to have the claim of the junior lienholder classified, treated, and considered as wholly unsecured pursuant to 11 USC § 506(a) for purposes of administration of this Chapter 13 plan.  Upon completion of all payments by the Debtors due to the Trustee under this Plan or any modified Plan, the Debtors may request supplemental relief as specified in Local Rule 3012-1.

**14. SUMMARY OF PAYMENTS - ESTIMATED**

| | |
|---|---|
| Trustee's fee [Line2] | $    828.00 |
| Home Mortgage Defaults [Line 6(d)] | $    699.00 |
| Claims in Default [Line 7(d)] | |
| Other Secured Claims [Line 8(g)] | |
| Priority Claims [Line 9(f)] | $  6,723.00 |
| Separate Class [Line 10(c)] | |
| Unsecured Creditors [Line 11] | $     30.00 |
| TOTAL  [Must equal Line 1(d)] | $  8,280.00 |

Walker & Walker Law Offices, PLLC.
Curtis K. Walker, #0113906
Mary C. Hoben, #0335411
Andrew C. Walker #0392525
Michael A. Stephani, #0390262
4356 Nicollet Avenue South
Minneapolis, MN 55409
(612) 824-4357

Signed:  **/S/  Jeremy Allshouse**
             Debtor

Signed:  **/S/  Jodi Allshouse**
             Joint Debtor

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

IN RE: Allshouse, Jeremy and Jodi                              Case No. BKY: 15-42519

                                                                Chapter 13 Case

Debtor(s),

NOTICE OF CONFIRMATION HEARING
AND NOTICE OF MODIFIED PLAN

To: The Chapter 13 Trustee, The U.S. Trustee, and the other entities specified in Local Rule 1007-2(a):

1. The debtor(s) have filed a preconfirmation modified plan and it will be considered at the Confirmation Hearing in this case set forth below.

2. The court will hold a hearing on this motion at 10:00 a.m. on October 15, 2015, in US Courthouse Courtroom 8 West, 300 S 4th St., Minneapolis, MN 55415, before the honorable Robert J. Kressel, Bankruptcy Judge.

Dated: September 10, 2015

/e/ Curtis K. Walker
Curtis K. Walker #113906
Mary C. Hoben #335411
Andrew C. Walker #392525
Michael A. Stephani #390262
Attorney for Debtor(s)
4356 Nicollet Ave
Minneapolis, MN 55409
(612) 824-4357

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

IN RE: Allshouse,   Case No. BKY: 15-42519

Chapter 13 Case

Debtor(s),

UNSWORN CERTIFICATE OF SERVICE

I, Darcee McKinnon, Declare under penalty of perjury that on September 10, 2015, I mailed copies of the foregoing Modified Plan, Notice of Modified, plan, and Notice of Confirmation Hearing by first class mail, postage prepaid, to each entity named below at the address stated below for each entity.

United States Trustee
1015 U.S. Courthouse
300 South 4th Street
Minneapolis, MN 55415

Kyle Carlson
Chapter 13 Trustee
PO Box 519
Barnesville MN 56514

All creditors on the attached list

Executed on:  September, 2015   /e/ Darcee McKinnon

```
Barham Legal LLC                    GM Financial
2644 Kull Road                      PO Box 181145
Lancaster, OHIO 43130               Arlington TX    76096



Buffalo Clinic PA                   Law Offices of Curtis K. Walker
Albertville St Michael Clinic       4356 Nicollet Ave So
11091 Jason Avenue NE               Minneapolis, MN 55409
Albertville MN 55301



Capital One Bankruptcy              Minneapolis Radiology
PO Box 30285                        2800 Campus Dr. Suite 10
Salt Lake City UT  84130 3285       Plymouth, MN 55441



CentraCare Clinic                   Partners for Payment Relief DE
1200 Sixth Avenue North             3748 West Chester Pike, Ste 103
St. Cloud MN 56303                  Newtown Square, PA  19073



Chase Home Finance LLC              Sams Club/Synchrony Bank
P.O. Box 24696                      Attn: Bankruptcy Dept
Columbus, OH 43224                  PO Box 103104
                                    Roswell GA   30076



Collection Resources                Veterans Administration
PO Box 2270                         Loan Guarantee Division
2700 1st St N Suite 303             Fort Snelling Federal Building
St Cloud MN 56302                   St Paul MN 55111



FCI Lender Services Inc
 8180 E. Kaiser Blvd
 Anaheim Hills, CA 92808



FHA Dept of HUD
920 Second Ave So
Minneapolis MN 55402



FHA Dept of Hud
451 7th Street SW
Washington DC 20410



Ford Motor Credit
National Bankruptcy Svc Ctr
PO Box 6275
Dearborn MI   48121
```

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Allshouse, Jeremy and Jodi

## SIGNATURE DECLARATION

**(For use in electronically filed cases only)**

Debtor(s)　　　　　　　　　　　　　　　Case No. 15-42519

___ PETITION, SCHEDULES & STATEMENTS
___ CHAPTER 13 PLAN
___ VOLUNTARY CONVERSION, SCHEDULES AND STATEMENTS
_X_ AMENDMENT TO PETITION, SCHEDULES & STATEMENTS
_X_ MODIFIED CHAPTER 13 PLAN
___ OTHER (please describe:_____)

I [WE], the undersigned debtor(s) or authorized representative of the debtor, make the following declarations under penalty of perjury:

1. The information I have given my attorney and provided in the electronically filed petition, statements, schedules, amendments, and/or chapter 13 plan, as indicated above, is true and correct;

2. The Social Security Number or Tax Identification Number I have given to my attorney for entry into the court's Case Management/Electronic Case Filing (CM/ECF) system as a part of the electronic comencement of the above-referenced case is true and correct.

3. [individual debtors only] If no Social Security Number was provided as described in paragraph 2 above, it is because I do not have a Social Security Number;

4. I consent to my attorney electronically filing with the United States Bankruptcy Court my petition, statements and schedules, amendments and/or chapter 13 plan, as indicated above, together with a scanned image of this Signature Declaration;

5. My electronic signature contained on the documents filed with the Bankruptcy Court has the same effect as if it were my original signature on those documents; and

6. **[corporate and partnership debtors only]** I have been authorized to file this petition on behalf of the debtor.

Date: 7/21/15

X _____　　　　X _____
Signature of Debtor or Authorized Representative　　Signature of Joint Debtor

Jeremy Allshouse　　　　　　　　　　　　　Jodi Allsh___
Printed Name of Debtor or Authorized Representative　Printed Name of Joint Debtor